We'll hear counsel in Casillo v. Attorney General. May it please the court, I am Francis X. Guyer from the law office of Miguel Alvarez. I represent the petitioner, Bernardo Castillo. I'd like to reserve five minutes for rebuttal, Your Honors. That's granted. It's a big chunk, but that's fine. Thank you, Your Honor. Your Honors, in this case, the board erred in upholding the immigration judge's finding that the petitioner's conviction on January 31st, 1994 for shoplifting under NJ2C-2011 was a conviction for a crime of moral turpitude that rendered Mr. Castillo, who had lived in the United States for 25 years and had been a lawful permanent resident for 19 years, from acquiring the necessary seven years of continuous residence that he needed to be eligible for a form of discretionary relief known as cancellation of removal for lawful permanent residence. The board's decision was erroneous. Since the board's decision incorrectly characterized the statute at the time of Mr. Castillo's conviction for shoplifting, the board incorrectly stated that under NJ2C-2011, there were four gradations of shoplifting and only one of those gradations was a disorderly person's offense. In fact, even as conceded by the Respondent's Brief on pages 20 and 21, shoplifting under NJ2C-2011 in 1994, all shoplifting were disorderly person's offenses. The statute was subsequently amended in the year 2000 in the way that the board characterized it where the legislature said that any shoplifting above $200 was a crime but below $200 and below was a disorderly person's offense. Thus, under the plain language of the New Jersey statute, shoplifting was not a crime at the time of Mr. Castillo's conviction, and Mr. Castillo's conviction should not be considered a crime involving moral turpitude before this court. It's important to note that the NJ2C-14 specifically says that a conviction of, that a finding of a violation of a moral, a conviction for a disorderly person's offense should not be considered a crime in the state of New Jersey and should not give rise to any disability or legal disadvantage. Therefore, Your Honors, Mr. Castillo's conviction in 1994 should not be considered a conviction for a crime of moral turpitude. Well, help me a little bit with that. I think you're right that the BIA did not reach, because they got the wrong statute, they didn't, they said this conduct is, involves moral turpitude, but, and they said that this is not a matter of state law, it's a matter of federal law, but they didn't reach the issue of what constituted a, quote, crime within the meaning of this statute. Now, what, and therefore we don't have their definition to defer to, but I'm not sure I understand what your definition of a crime is under this statute. What is your definition, assuming we're going to supply a definition ourselves by which to test your argument here, what is your definition of a crime? It's not as easy as it sounds. What's your definition? Well, Your Honor, my definition of a crime would be something, a violation that is clearly considered to be a crime by the state where there are the disadvantages that kick in as a result of a criminal conviction. The case that I cited in the brief matter of Islamazar is very analogous to the Instinct case, and I would suggest that will help us get to a definition, what my definition of a crime would be, would be similar to what the Board found in the matter of Islamazar. In Islamazar, the Board held that a conviction for a violation under the Oregon statute, which was distinguished by the Oregon statute from conviction for a crime, and which the statute said should, very similar language to the New Jersey statute, said should give rise to no disability upon conviction. The Board held that the violation was not considered a crime, and I would submit to the Court that similarly, because the state has held in its statute that a disorderly person's conviction should not give rise to legal disadvantage and is not considered a crime, it similarly should not be considered a crime for immigration purposes. Because the government didn't have to prove beyond a reasonable doubt each of the elements of the offense. Well, that was definitely a factor in Islamazar, as distinguished from this case, but the Board in Islamazar You point to a presumption in the statute that favors the government for proving intent, which arguably is analogous. Yes, Your Honor. Yes. And that there is a presumption of intent upon concealment of the merchandise. That is somewhat analogous. And Your Honor, I would also suggest that the Board in its own decision in the footnote on page 4 says that they distinguished Islamazar by saying there was no evidence in the incident case that the government had elected or that the prosecutor had elected to consider it as anything other than a crime, which was clearly incorrect because the Board, as I stated, was misconstruing the statute and was reading the 2000 statute, not the statute as it was in place in 1994. So if we go by the Board's own language, then that would suggest that the fact that Mr. Castillo's conviction was not for a crime, but for a disorderly person's offense, it would suggest that this case would be then analogous to a matter of Islamazar. I'm sorry. No, you go ahead. Is there anything in the record which indicates that disorderly person's offenses under the current or former statutes with respect to Castillo's specific case or these cases in general are or were prosecuted under a lower burden of proof than reasonable doubt? Your Honor, the only element was the presumption of the New Jersey statute of culpability upon concealment of merchandise. No, but I'm talking about the standard of proof. But the presumption helps the government carry its burden of proof. Yes, it gives the government one, establishing one of the elements sort of by presumption helps the, petitioner argues, lowers the threshold required for conviction under the statute. The issue, isn't it, is the definition of conviction as rather than crime? Oh, I could have gone. What is the issue? The issue, Your Honor, is the definition of, petitioner submits the definition of what is a crime. And as in the matter of Islamazar, the board said it's a violation. There's a different standard. The statute specifically distinguishes it from a definition of a crime. Therefore, it cannot be considered a crime by the Immigration Service. And petitioner here submits also that because this New Jersey statute distinguished Mr. Castillo's conviction from that for a crime, that it should also not be considered a crime for immigration purposes. The language is very, very similar in the Oregon statute regarding that no disadvantage or disability should attach, very similar to the New Jersey statutory language. So therefore, petitioner submits it should, the issue in answer to your question is whether his conviction for disorderly person's offense was a conviction for a crime. And it appears that the board's own logic would dictate that there, that the fact that Mr. Castillo was convicted of something that the prosecutor did not treat as a crime would be relevant in their determination of whether it was a crime of moral turpitude and whether it would render Mr. Castillo ineligible for discretionary relief. Because I would like to remind the panel that Mr. Castillo has been here for over 25 years and by virtue of this erroneous conclusion by the board, he was denied even a hearing on his application for discretionary relief and is rendered deportable without any hope of staying in the United States. This court has held that a state legislature cannot determine how the term conviction in the INA is to be construed. Isn't that right? I mean, we held it in Acosta. We repeated it in, I think this is Goal. Yes, Your Honor. Yes. And in the, I believe there was a case also submitted, Burrell's case, that, however, I could distinguish the instant case from those cases in saying that the standard of review says that the board should receive deference on legal questions unless it's an unreasonable interpretation of statute. So first we look to the board's interpretation and petitioners suggest that the board's own interpretation of the statute was flawed but accompanied by a suggestion that had they interpreted the statute correctly that they would have found that Mr. Castillo's conviction was not a crime. Thank you. Thank you. Good morning, Your Honors. May it please the Court. My name is Marissa Chun, and I represent Respondent Attorney General of the United States, the Honorable Eric Holder. I think that this court has honed in on really the key issue that's at stake here, and I am pleased by your questions. With regards to the only issue that is before this court, it's really the question of whether the board correctly determined that the petitioner, Mr. Castillo, failed to meet his burden of proof to establish eligibility for this discretionary form of relief called cancellation of removal, which is in the Attorney General's discretion to provide. And as the board pointed out, Mr. How do we, let me interrupt you. Yes, sir. How do we know that he failed to meet his burden when we don't know what his burden is because the board never reached the issue of, the issue here, I think, is what is the definition of a crime in this statute, in this federal statute, what constitutes a crime? Your friend here is arguing that this disorderly person offense doesn't constitute a crime because, one, there's no indictment and no jury, two, because there's a presumption that dilutes the burden of the government having to prove an element beyond a reasonable doubt, and because the statute says that it doesn't give rise to any disability or legal disadvantage. Now, the board didn't reach the issue of what is a crime within the meaning of this statute, and because it got the wrong statute, it got a statute, it made a mistake. It got the current statute when there was a prior statute that was applicable. And that can happen to anybody. Wouldn't we be doing the BIA a favor if we said, you made a reasonable mistake here, you got the wrong statute, we're sending it back to you so you can tell us what you think is a federal crime within the meaning of this statute, to which we can and we're willing to defer if you will just tell us what your definition is? You think the BIA would consider that a favor? That's what I'm asking. That's my question to you. If I were the BIA, I would consider that a favor. If I had goofed and not reached the crucial issue, and my decision was entitled to deference from the courts, I would be happy to say, okay, let me have another shot at telling you what a crime is. Well, Judge Stapleton, let me unpackage that. In direct answer to your question, Your Honor, I don't think the BIA would regard it as a favor, despite your good intentions. I think the reason why, sir, is because when the board adopts the IJ, the immigration judge's decision, we look at both in totality.  which I think was quite comprehensive and insightful. And so secondly, Your Honor, with regards to... You're telling me the immigration judge didn't get the wrong statute, and therefore we should look at its decision, the IJ's decision, rather than the board's decision. Correct, Your Honor. I think the immigration judge's decision has relevant analysis as to this question. But going back, Your Honor, there's two burdens of proof, and I just want to make sure that there isn't any confusion. What I was referring to, Your Honor, is that the petitioner actually bears the burden of proof by a preponderance of the evidence that he's entitled to this discretionary relief. He conceded that he's removable, and so nobody disputes that. So that's the first burden of proof. The second, which Your Honor was referring to, refers to the burden of proof under the New Jersey statute, which says that shoplifting is an offense. And as to that, this case is very different from Islamazar, the Oregon statute, because in New Jersey it's undisputed by case law, which we cite. You have to prove beyond a reasonable doubt that the person committed the shoplifting offense. And we cite those cases, Your Honor. On page 24 of the United States' brief, State v. Castagna, see? I'm sorry. These are cases that deal with the presumption. Right, of the New Jersey shoplifting crime offense, that you have to prove it beyond a reasonable doubt. And one of the key – But, I mean, they do address the presumption in the statute. Oh, are you talking – I'm sure there are all sorts of New Jersey cases that say you've got to prove an offense beyond a reasonable doubt. No, this deals with the disorderly – Yes, this deals with the shoplifting statute at issue here, Your Honor. And the presumption in favor of the government. The presumption – The presumption of culpability due to concealment? Is that what you're – Yes. You know, I don't recollect whether it addresses that presumption. Although, Your Honor, I think the key issue in State v. Castagna, as well as State v. Avena, A-V-E-N-A, which we also cite, is that these offenses, such as disorderly person offenses, do still require beyond a reasonable doubt, which is different from the Oregon statute. What this Third Circuit has found in cases reviewing that pertained to the fact that it was only a preponderance of the evidence, which the Oregon prosecutor needed to show. And the concern that the BIA expressed in that case was that's the civil proof. And so you don't want people who are hauled into court on civil actions somehow being subject to deportation or removability. That's a huge distinction. The Oregon statute was preponderance of the evidence. This New Jersey statute, the proof is beyond a reasonable doubt. So those are two different burdens I just want to make clear.  He was very generous in terms of giving the petitioner the benefit of the doubt on a number of things. And with regards to what is the definition of a crime which you go to, Your Honor, I think you hit the nail on the head. The petitioner keeps talking about, well, this New Jersey shoplifting offense is a disorderly person's offense. And so, you know, this shouldn't be regarded as a crime of moral turpitude. In this case, Your Honor, that was the second offense of many offenses on this petitioner's criminal rap sheet. And what this court, as Judge Sloverter pointed out, the Third Circuit has stated, the definition of conviction under the INA, the Immigration and Naturalization Act, under federal law must be dictated by federal case law interpretation by the Attorney General, which has been deferred to the BIA. And there are very important policy reasons why we cannot let the 50 different states and the vagaries of how a particular state might define a crime. I don't think anybody's arguing about that here, are they? Well, Your Honor, I think that petitioner wants to make the issue, this statute was a disorderly person's offense statute. The board looked at it that way. Ergo, this should be remanded. And we would say, Your Honor, if you look at the immigration judge's decision, he talks, the court, I'm sorry, the immigration judge discusses on page 85 of the appendix the fact that this was a second crime involving moral turpitude and that it should be defined or interpreted under federal law, INA. He cites Section 237, little a, 2, capital A, and then little 2. And so because of the fact that when you look at the federal definition of a conviction, Your Honor, under INA, all it says is that a judge or jury has found the alien guilty. That's undisputed, that he pled guilty. And that the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed. One thing I want to point out, Your Honor, is the immigration judge, when he bent over backwards in giving the petitioner the benefit of the doubt, that was in 2007. At that time, the immigration judge did not have the disposition of that shoplifting offense before him, but he gave him the benefit of the doubt in terms of, because that was his burden to prove by preponderance of the evidence that he was eligible for this discretionary special relief. Lo and behold, one year later in 2008, the petitioner brought forward the disposition from New Jersey, and it showed that the fine exceeded $300. He was represented by counsel. He was also prohibited from entering that store for six months. This is in the appendix at page 7. That was brought to light after the immigration judge's decision. So if this court looks at the totality of the evidence, even if you assume that the BIA looked at a later version of the shoplifting statute, which I agree he did, Your Honor, even the 1994 version of the New Jersey statute, if you look at that, that would be considered a conviction under the federal law, and it would be considered his second crime involving moral turpitude, which thus made him ineligible for this special relief of cancellation. You have to realize he conceded the 1989 conviction for receipt of stolen property, that that was a crime involving moral turpitude. This 19, it was undisputed that he shoplifted in 1993. It was undisputed that he was convicted of being guilty in 1994. In terms of the definition under the federal law of the INA, we believe that, in fact, this is, you know, this is pretty straightforward in terms of applying federal law and finding he was ineligible for the relief of cancellation. And I think Judge Sloverter pointed out correctly that the Third Circuit has on numerous occasions held that you must look at federal law in terms of what the definition of conviction is or what crime is under the INA. We can't look at... It is clear the statute says conviction of a crime involving moral turpitude, so there are three things you've got to have. You've got to have a conviction, you've got to have a crime, and it's got to involve moral turpitude, right? You agree, right? Well, Your Honor, I don't know if it's three things. I think the INA defines the term conviction, which is without regard to the word crime. I mean, interestingly, if you look at the statutory text, all it says is that an alien needed to have had a formal judgment of guilt entered by a court, and if the judge or jury has found the alien guilty and the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty, and that's that INA section... Statute? Yes. Yes, Your Honor. I'm reading the statute. It's INA section 101, open paren, little a, close paren, open paren, 48, close paren, and that's at 8 U.S.C. section 1101, open paren, little a, close paren, open paren, 48, close paren. And then the question as to the crime of moral turpitude, Your Honor, that devolves from the stop time rule, which is also in the federal statute, and that's at 8 U.S.C. 1229, open paren, little b, close paren, open paren, little d, close paren, open paren 1, close paren. And even there, they talk about when an alien commits an offense. They don't use the word crime because I think there's a recognition that different states have different ways of defining things, and that goes to, I think, some of the arguments that Petitioner made, that this was not a crime because there was no, I think he said grand jury, et cetera. I mean, we all know that there are certain crimes which may not merit some of the constitutional protections, but are still, of course, considered a crime. Even though in the Oregon case, the BIA thought that was determinative. The BIA thought that the fact that you did not have to prove every element beyond a reasonable doubt meant that it wasn't a crime within the meaning of this statute. I would say yes. That was the key thing that the BIA honed in on as a shortcoming because the prosecutor basically did not prosecute it as a crime because it wasn't proving it beyond a reasonable doubt. And I did want to point out that there's other Third Circuit case law as well, which we cite, Burrell v. United States, which we cited Third Circuit 2009, and that also involved the issue of somebody claiming that a disorderly person's offense was not a crime, and this court rejected that, albeit it wasn't a published decision. Yes, but it is certainly persuasive, and I would turn the court to the reasoning there. I think similarly in Gall v. United States, another recent Third Circuit case, which we submitted in our recent letter, a similar issue. Similarly unpublished. Yes, similarly unpublished. Yes, Your Honor. In terms of published opinions, are you familiar with Third Circuit published opinions? Yes, Your Honor. Holtzfell v. Wirschst, I don't know how you pronounce it, but it's 259 Fed 2nd, 890 Third Circuit. And I'm sorry, Your Honor, could you spell the name? I actually didn't catch the name that sounded like a mouthful, Your Honor. W-Y-R-S-C-H. Okay. It was an issue as to whether a statute constituted a crime within the meaning of this section, and if you want to submit a letter by next Friday or a week from Friday, you can do that. Yes, Your Honor, I will. You determined that even though the court could take away your liberty, it was not a crime because it was directed at people with psychiatric problems and was intended to be rehabilitative rather than to be punishment. I was going to ask you what you thought the definition of a crime for federal purposes under this statute is, and that's not an easy – I've been asking myself, if we were going to address that issue without the help of the BIA, what would our definition be? And I've had quite a bit of trouble coming up with something that's consistent with Holtzfell and with the Oregon case that we've discussed in the case of Oregon law. Do you have a definition for us? If we were going to address what a crime is under this particular federal statute, what would your definition be? Your Honor, I was turning to the INA, and I was looking at 8 U.S.C. 1182 and little a, little two, which talks about criminal and related grounds on which an alien is inadmissible, and it talks about the conviction of certain crimes. And I think it's interesting to note that the statute there refers to aliens who are not just convicted of certain offenses – again, we see that word offenses – but also even a mere admission that the alien committed the acts that would constitute an offense still can give rise to that alien being inadmissible. And so I believe that referring again to the federal statute gives us better and more material guidance and confirmation that the immigration judge and the board got this right, notwithstanding the fact that the board might have looked at a current version of that shoplifting statute. And then two small points. One, Your Honor, is that I would note that Petitioner did not make this argument about the shoplifting New Jersey statute being the current version versus the older version,  because obviously the board can only rely upon the arguments that are raised by the parties. This argument was raised for the first time in the Petitioner's brief before the Third Circuit. Secondly, Your Honor, I believe you asked what published Third Circuit cases can help guide you as to the supremacy of the federal definitions here. I have a question about the supremacy of the federal definition. What is the federal definition that is troubling me? So you don't need to cite me, I agree. There's a lot of law controls here. I would point the Court to Acosta v. Ashcroft. That is a published Third Circuit decision, 341 F. 3rd. 218. That's a 2003 published Third Circuit case which discusses and holds that for the purposes of the INA, you have to look at what is a conviction under federal law as opposed to, in that case, it was a Pennsylvania statute where somebody had a one-time disorderly person's type of offense and then that was later dismissed. And that was still deemed sufficient to uphold the board's determination that the person was deportable. So I think there are Third Circuit published cases as well as the unpublished but persuasive Third Circuit cases that we point to that point to the fact that regardless of which version of the shoplifting statute you're looking at, this petition should be denied. Thank you. Thank you, Your Honors. Thank you, Your Honor. Your Honors, in terms of Respondent's argument regarding the definition of a crime inciting the statute of 1182, I would note that the board is empowered with the authority to interpret the statute. And while I cannot provide this Court a full definition of what is a crime under the INA, as I suggested before, the board's interpretation and finding in matter of Islamist art in looking at the state statute and what the state statute defines as a crime and what the state statute says should have no legal disabilities attached to it is quite relevant. In addition, Your Honor, Why isn't Burrell persuasive? Burrell, I understand it's not presidential, but why isn't the rationale in it persuasive? Your Honor, I would suggest that what makes this case distinguishable from all of those cases is the fact that the board, number one, misconstrued the statute, was referring to a 2000 rather than 1994 statute. And secondly, in a footnote, suggested that had Mr. Castillo been charged with something other than a crime, that the result could have been different, similar to manner of Islamist art. And that's distinguishable. I don't believe there was any evidence in Burrell that the board had, A, misinterpreted the statute or suggested that there would be perhaps a different result under another case had the board interpreted the statute correctly. In terms of the respondents' comments, the board did uphold the IJ's conviction, but it did issue its own independent findings. And the court must review the board's decision primarily. And as I stated, the board's decision was flawed by this error of complete misinterpretation. Your friend across the aisle says that you're responsible for that and not the board. But, of course, you didn't know what the board was going to cite in its opinion until the board relied upon it and cited it. But did you cite the, was the briefing in which you cited the correct statute, the statute that was applicable? Your Honor, my understanding, not having done this case at the lower level and having reviewed the entire record, is that at the time that the BIA brief was submitted, and even at the time of the IJ's decision, the disposition was not available. It was a very old conviction. And finally, after, I believe the BIA decision was submitted in January of 2008, and finally after that, in March, the board finally received the disposition from Mr. Castillo. So he made every effort to secure, to meet his burden, and the board didn't refer in its decision to having rejected his disposition. They referred specifically to the 2C2011 statute under which he was convicted as a basis for their finding, but then, of course, misconstrued the statute. The IJ did refer to the correct statute. The IJ referred, yes, Your Honor, the IJ referred to shoplifting statute, but because he didn't have the disposition, I believe the IJ just said shoplifting can be a CIMT and therefore held that Mr. Castillo was not eligible for any discretionary relief. If the panel has no further questions, I'll waive my button. Thank you. Thank you very much. We'll take the matter under advisement. And we will submit the letter that Judge Staple did. Yes, he said a week from Friday. Do you think you could do it faster? We will certainly aim to do so since I believe next Friday is Christmas Eve. Yeah, that's right. Obviously, if the appellate wants to. Yes, Your Honor, I was going to ask if I could have the same privilege. Submit a letter by next Friday? No, we just said Friday is Christmas. Oh. And we could move that. That's what I understood you to say. How about Wednesday? Wednesday. Yes, Your Honor. Thanks. Thank you. We'll now hear counsel in United States v. Vela.